An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN BRADLEY HODGES,
Appellant,
vs.
OFFICER J. JERMYN; MATTHEW
TILLEY; LT. RAMIREZ; GREG SMITH;
JAMES COX; NEVADA DEPARTMENT
OF CORRECTIONS; AND THE STATE
OF NEVADA,
Respondents.

No. 66437

FILED

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court summary judgment in a civil rights action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Having considered the appeal statement and the record, we conclude that judgment was properly entered in favor of respondents. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court summary judgment); *see Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (noting that when the nonmoving party bears the burden of persuasion at trial, the moving party may demonstrate that summary judgment is appropriate by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case" (internal quotation omitted)).

First, we agree with the district court's conclusion that appellant did not exhaust his administrative remedies with regard to count one of his complaint. *See First Am. Title Co. of Nev. v. State of Nev.*, 91 Nev. 804, 806, 543 P.2d 1344, 1345 (1975) (requiring exhaustion of administrative remedies before seeking judicial intervention); *see also Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (exhaustion of administrative remedies is especially important in actions filed against state corrections

15-15460

systems); NDOC AR 740 (setting forth the three-step grievance process). Next, summary judgment on appellant's remaining counts was appropriate as appellant either failed to state cognizable causes of action under the constitutional amendments cited or failed to present evidence sufficient to support the elements of his claims. *Wood*, 121 Nev. at 731, 121 P.3d at 1030-31 (in order to overcome a properly supported summary judgment motion, "the non-moving party may not rest upon general allegations and conclusions, but must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine factual issue" (quotation omitted)); *Pressler v. City of Reno*, 118 Nev. 506, 510, 50 P.3d 1096, 1098 (2002) ("The protections of due process only attach when there is a deprivation of a protected property or liberty interest."); *see Angel v. Cruse*, 130 Nev. Adv. Op. No. 25, 321 P.3d 895, 898 (2014) (setting forth the elements necessary to establish a First Amendment retaliation claim); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (noting requirements for a deliberate indifference to safety claim); *Meachum v. Fano*, 427 U.S., 215, 224-25 (1976) (recognizing that a prisoner has no constitutionally protected interest in avoiding prison transfers); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th 1996) (noting that a prison need not treat all mail sent to government agencies and officials as legal mail). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Todd Russell, District Judge
Steven Bradley Hodges
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A